UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL COMMUNICATIONS HOLDINGS,<br>Plaintiff,<br>v.<br>TODD THREW; THE FIRM ADVISORS, LLC; JARED OLSON; COURTNEY SELLS; MAYKAYLA KALAGIAS; and DOES 1-10,<br>Defendants. | Case No.: 3:25-cv-01102-TWR (DEB)<br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND (2) DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT**<br>(ECF Nos. 25, 26, 27) |

Presently before the Court are Plaintiff's Motion for Leave to File Amended Complaint ("Mot.," ECF No. 25), Defendant Todd Threw's Opposition ("Threw Opp'n," ECF No. 29) to the Motion, Defendants Maykayla Kalagias, Jared Olson, Cortney Sells, and The Firm Advisors, LLC's ("TFA Defendants") Opposition to ("TFA Opp'n," ECF No. 30) the Motion, as well as Defendant Todd Threw's Motion to Dismiss under 12(b)(1) for lack of subject matter jurisdiction ("Threw MTD," ECF No. 26), and Defendants The Firm Advisors, LLC and Jared Olson's Motion to Dismiss under 12(b)(1) for lack of subject matter jurisdiction ("TFA MTD," ECF No. 27.) For the following reasons, the

Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 26) and **DENIES AS MOOT** Defendants' Motions to Dismiss (ECF Nos. 26, 27.)

## I. Plaintiff's Motion for Leave to Amend

### *A. Plaintiff's Failure to File an Amended Complaint by the Court's Deadline*

On January 6, 2026, the Court issued an Order granting in part and denying in part Defendants' Motions to Dismiss. (ECF No. 24.) The Order stated, "Plaintiff **MAY FILE** an amended complaint curing the deficiencies outlined in this Order within twenty-one (21) days of the electronic docketing of this Order." (*Id.* at 32 (emphasis in original).) Under Federal Rule of Civil Procedure 6(a)(1)(B), in any court order that does not specific a method of computing time, the parties must "count every day, including intermediate Saturdays, Sundays, and legal holidays." Thus, the deadline for Plaintiff to file an amended complaint was January 27, 2026. Plaintiff did not file an amended complaint within the deadline. On February 9, 2026, Plaintiff filed the instant Motion for Leave to File Amended Complaint. (*See* Mot.) Plaintiff's counsel states that she mistakenly calculated the date based on court days instead of calendar days. (*See id.* at 2–3.) Defendant did not stipulate to Plaintiff filing an amended complaint. (*See id.* at 3.)

### *B. Legal Standard*

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Further, the policy on granting leave to amend "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W.*, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). The most important factor is prejudice. *See Eminence Capital, LLC*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

/ / /

### ***C. Analysis***

#### *1. Prejudice*

Plaintiff's Motion for Leave to File Amended Complaint only addresses prejudice and argues that "defendants have suffered no prejudice as a result of Plaintiff's counsel's error; indeed, defense counsel in fact agreed to consider stipulating to the filing of an amended complaint, but only on the condition that defense counsel first be able to review the proposed amended pleading." (Mot. at 4.) Defendant Threw argues that he has suffered "concrete prejudice" because he and his counsel "prepared and filed a Rule 12(b)(1) motion challenging the remaining claim against Mr. Threw." (Threw Opp'n at 2.) TFA Defendants argue they "have suffered prejudice in the form of unnecessary legal expenses and motion practice." (TFA Opp'n at 11.)

Wasted time engaging in motion practice does not constitute prejudice justifying denying leave to amend. *See Emerick v. Regus Mgmt. Grp., LLC*, No. 3:18-CV-1576-GPC-LL, 2019 WL 3006457, at *2 (S.D. Cal. July 10, 2019) ("The fact that filing a first amended complaint would moot a motion to dismiss does not constitute a sufficient showing of prejudice against a defendant, especially when 'all inferences should be made in favor of granting the motion to amend.'") (citation omitted). Further, whatever potentially unnecessary legal expenses Defendants incurred in choosing to file motions to dismiss after Plaintiff filed its Motion for Leave to File Amended Complaint, do not justify a finding of prejudice sufficient to overcome the policy of extreme liberality in granting leave to amend. *See Eminence Capital, LLC*, 316 F.3d at 1051.

In sum, because the litigation is in the early stages, no discovery has occurred, and Defendants were aware that Plaintiff intended to request leave to amend its complaint shortly after Plaintiff's deadline passed, the Court does not find that Defendants will suffer prejudice if Plaintiff is granted leave to file an amended complaint. Accordingly, this factor weighs in favor of granting leave to amend.

/ / /

/ / /

2. *Bad Faith*

Only TFA Defendants address bad faith; they argue that Plaintiff is "engaged in strategic gamesmanship" based on Plaintiff's claim of a miscalculated deadline when Plaintiff "did not have a version of the proposed amended complaint ready by what it claims was its own mistaken date." (TFA Opp'n at 10.) A request for amendment is made in bad faith when the plaintiff is merely "seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). The Court finds no evidence of bad faith on the record. It appears that Plaintiff's counsel calculated the deadline to amend incorrectly, realized her mistake, and then took additional time to draft the amended complaint and motion for leave to amend. At most, this is an indication of poor time management, not bad faith. Accordingly, this factor weighs in favor of granting leave to amend.

3. *Undue Delay*

Only TFA Defendants address undue delay; they argue that "[s]eeking an amendment after having the chance to do so before Defendants filed their motion to dismiss, and after a hearing on the motion, indicates that Plaintiff knew or should have known the facts and theories for amendment but still delayed, and such conduct constitutes undue delay." (TFA Opp'n at 9.) The Court does not find that requesting leave to amend thirteen days after the deadline to amend passed is undue delay, especially at this stage of litigation. *See Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, No. 18-CV-06663-TSH, 2019 WL 861422, at *2 (N.D. Cal. Feb. 22, 2019) ("[A] delay of three months while the case is still in its early stages does not constitute undue delay."). Accordingly, this factor weighs in favor of granting leave to amend.

4. *Futility*

Only TFA Defendants address futility; they argue that "Plaintiff's proposed amendments do not remedy the core deficiencies identified by the Court's O[r]der." (TFA Opp'n 12.) TFA Defendants' argument hinges on the Court applying a 12(b)(6) analysis to the re-raised claims in Plaintiff's Proposed Amended Complaint. "While courts will

determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (citation omitted). At this stage, the Court does not find that Plaintiff's re-raised claims are futile and thus this factor also weighs in favor of granting leave to amend.

*5. Conclusion*

Because all four factors favor granting leave to amend, the Court **GRANTS** Plaintiff's Motion for Leave to Amend.

**II. Motions to Dismiss Under 12(b)(1)**

Defendant Threw argues that the "Court should dismiss the Fourth Cause of Action as to Mr. Threw pursuant to Rule 12(b)(1) and 28 U.S.C. § 1367(c)(3)." (Threw MTD at 3.) TFA Defendants take a stronger position and argue "the Court **should and must** dismiss Plaintiff's remaining claim." (TFA MTD at 10 (citing Fed. R. Civ. P. 12(h)(3), emphasis in original). TFA Defendants are wrong. The Court has no obligation to dismiss Plaintiff's remaining claim. First, as explained above, the Court has discretion to allow Plaintiff to amend its complaint even after the Court's deadline has passed. Second, even if all federal claims were dismissed without leave to amend, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court. *See* 28 U.S.C. § 1367(c)(3) ("The district courts ***may*** decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction") (emphasis added); *see also Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[T]he district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c)."). However, the Court does not need to exercise its discretion because Plaintiff's proposed First Amended Complaint asserts federal claims. Accordingly, Defendants' Motions to Dismiss for lack of subject matter jurisdiction under 12(b)(1) are **DENIED AS MOOT**.

/ / /

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 26) and **DENIES AS MOOT** Defendants' Motions to Dismiss for lack of subject matter jurisdiction (ECF Nos. 26, 27.)

**IT IS SO ORDERED.**

Dated: March 3, 2026

Honorable Todd W. Robinson
United States District Judge